UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KRISTOPHER DENEIL MCNEW,<br><br>Defendant. | Case No. 08-cv-30198-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Kristopher Deneil McNew's motion for discovery (Doc. 9).

First, the motion cites inapplicable law. The motion relies on Illinois Supreme Court Rule 412, which does not apply in federal court. In federal court, Federal Rule of Civil Procedure 16 and constitutional due process regarding exculpatory material define the extent of the limited discovery required. To the extent that the defendant requests material required to be produced pursuant to Rule 16, the requests are moot in light of the government's open file policy and absent an indication that the government is not complying with that rule. To the extent that the defendant requests material required to be produced by *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972), the government has acknowledged its continuing obligations under those cases. It has been repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992). To the extent that the defendant requests information beyond that required to be produced under Rule 16, *Brady* or *Giglio*, the request is overbroad.

Furthermore, the Court's Order for Pre-Trial Discovery and Inspection (Doc. 14)

instructs the parties to attempt to resolve discovery disputes without recourse to the Court. If the parties have tried to resolve their disputes and have been unable to do so, the Court allows them to file a motion for discovery and a brief in support of the motion within 28 days of the arraignment. Any motion filed with the Court must contain a statement that a discovery conference was held and that agreement could not be reached concerning the discovery or inspection that is the subject of the motion. The defendant has not complied with this order in that he failed to include the statements required regarding attempts to resolve discovery disputes without recourse to the Court.

For the foregoing reasons, the Court **DENIES** the motion for discovery (Doc. 9).

**IT IS SO ORDERED.**
**DATED: January 7, 2009**

                                                  s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**